1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

| | |
|---|---|
| DAVID HARRERA-ROMAN,<br>BOP #24116-298<br><br>                                    Plaintiff,<br><br><br><br>                    vs.<br><br><br><br>UNITED STATES DISTRICT COURT;<br>NAME UNKNOWN 1; NAME<br>UNKNOWN 2; MARK K. HANSEN,<br><br>                              Defendants. | Civil No.     11cv0840 MMA (CAB)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS,* IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING BALANCE FROM PRISONER'S TRUST ACCOUNT PURSUANT TO 28 U.S.C. § 1915(a);**<br><br>**(2)  SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO  28 U.S.C. §§ 1915(e)(2) & 1915A(b); and**<br><br>**(3) GRANTING MOTION TO AMEND COMPLAINT** |

25
26
27
28

        Plaintiff, David Harrera-Roman, an inmate currently incarcerated at the Geo Detention

Facility located in San Diego, California,  has filed a civil rights action pursuant 42 U.S.C.

§ 1983 which the Court has liberally construed as an action filed pursuant to *Bivens v. Six*

*Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971).  In addition, Plaintiff has filed

a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2]. Plaintiff then filed a "Motion to Amend Complaint to Name and Substitute Parties Previously Named as Does" [ECF No. 4].

## I.   MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

The Court finds that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.   Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

### A.   Standard

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as

1  practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these

2  provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion

3  thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from

4  defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203

5  F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443,

6  446 (9th Cir. 2000) (§ 1915A).

7  Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

8  dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is

9  frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319,

10  324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing

11  an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of

12  the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection

13  1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint

14  that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)

15  (discussing 28 U.S.C. § 1915A).

16  "[W]hen determining whether a complaint states a claim, a court must accept as true all

17  allegations of material fact and must construe those facts in the light most favorable to the

18  plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

19  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's

20  duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,

21  839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v.*

22  *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

23  **B.    Bivens Action**

24  *Bivens* established that "compensable injury to a constitutionally protected interest [by

25  federal officials alleged to have acted under color of federal law] could be vindicated by a suit

26  for damages invoking the general federal question jurisdiction of the federal courts [pursuant to

27  28 U.S.C. § 1331]." *Butz v. Economou*, 438 U.S. 478, 486 (1978). "Actions under § 1983 and

28

1    those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a

2    federal actor under *Bivens*."  *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

3         **C.    Claims against Federal Agencies**

4         *Bivens* provides that "federal courts have the inherent authority to award damages against

5    federal officials to compensate plaintiffs for violations of their constitutional rights."  *Western*

6    *Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000).  However, a *Bivens*

7    action may only be brought against the responsible federal official in his or her individual

8    capacity.  *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988).  *Bivens* does not

9    authorize a suit against the government or its agencies for monetary relief.  *FDIC v. Meyer*, 510

10   U.S. 471, 486 (1994); *Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988); *Daly-*

11   *Murphy*, 837 F.2d at 355.  Thus, because Plaintiff names the United States District Court, this

12   Defendant must be dismissed from this action.

13        **D.    Respondeat Superior**

14        To the extent Plaintiff is seeking to hold Defendant Hansen liable in his supervisory

15   capacity, his claims must be dismissed.  *Bivens*, like § 1983, does not authorize suits predicated

16   on a respondeat superior theory.  *See Terrell v. Brewer*, 935 F.2d 1015 (9th Cir. 1991).  Instead,

17   "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities

18   of each individual defendant whose acts or omissions are alleged to have caused a constitutional

19   deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423

20   U.S. 362, 370-71 (1976)).  In order to avoid the respondeat superior bar, Plaintiff must allege

21   personal acts by each individual Defendant which have a direct causal connection to the

22   constitutional violation at issue.  *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986);

23   *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor may only be held liable for

24   the allegedly unconstitutional violations of his subordinates if Plaintiff alleges specific facts

25   which show: (1) how or to what extent he personally participated in or directed the Defendants'

26   actions, and (2) that Hansen himself failed to prevent a violation of Plaintiff's Constitutional

27   rights.  *Taylor,* 880 F.2d at 1045.

28   / / /

Accordingly, Plaintiff's claim against Defendant Hansen based on supervisor liability is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted.

The Court dismisses Plaintiff's Complaint for failing to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2) & § 1915A. However, Plaintiff's Motion to Amend the Complaint is **GRANTED**. Plaintiff will be given leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court and to substitute the true names of the Doe Defendants.

### III.   CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is **GRANTED**.

2.   The Warden for the GEO Detention Facility, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.   The Clerk of the Court is directed to serve a copy of this Order on Warden, Geo Detention Facility, 220 West "C" Street, San Diego, California 92101.

**IT IS FURTHER ORDERED** that:

4.   Defendant United States District Court is **DISMISSED** from this action.

5.   Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Plaintiff's Motion to Amend Complaint [ECF No. 4] is **GRANTED**. Plaintiff is further **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his previous pleading. *See*

1   S.D. Cal. CivLR 15.1.  Defendants not named and all claims not re-alleged in the Amended

2   Complaint will be considered waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

3          6.      The Clerk of Court is directed to mail a Court approved form civil rights complaint

4   to Plaintiff.

5          **IT IS SO ORDERED.**

6   DATED:  July 19, 2011

7                                                     Hon. Michael M. Anello

8                                                     United States District Judge