FILED

2013 FEB -4  PM 2: 46

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

DAVID HERRERA-ROMAN,

                    Plaintiff,

      vs.

JOHN HARRIS, et al.,

                    Defendants.

CASE NO. 11cv840-MMA (KSC)

**REPORT AND RECOMMENDATION TO DENY MOTION TO AMEND FAC AND TO GRANT REQUEST TO DISMISS FAC**

[Doc. Nos. 29, 32]

**ORDER DENYING PLAINTIFF'S REQUEST FOR STATUS UPDATE**

[Doc. No. 44]

David Herrera-Roman ("plaintiff"), a prisoner proceeding *pro se* and *in forma pauperis* ("IFP"), filed this civil rights action pursuant to 42 U.S.C. § 1983. [Doc. No. 1] On July 25, 2011, plaintiff filed a First Amended Complaint ("FAC"). [Doc. No. 10] In the FAC, plaintiff claims that four individually named U.S. Border Patrol Agents chased him across the international border into Mexico and severely beat him, breaking his nose and shoulder and leaving him paralyzed from the waist down. *Id.* at 1-6. Accordingly, plaintiff alleges cruel and unusual punishment, a violation of his Miranda rights, discrimination based on race, assault, battery, and "attempted murder." *Id.*

Presently before the Court are two motions filed by plaintiff, including: a Motion to Amend the FAC and a Request for Status Update [Doc. No. 29]; and, a Motion for Status Proceedings [Doc. No. 44]. Also before the Court is defendants' Notice of Service Defect [Doc. No. 32] requesting the

1  action be dismissed due to faulty service, process, and lack of personal jurisdiction [Doc. Nos. 21-24].[1]

2  After a thorough review of the papers, and for the reasons outlined below, the Court

3  **RECOMMENDS** that defendants' request for dismissal based on faulty service [Doc. No. 32] be

4  **GRANTED**, and plaintiff's Motion to Amend the FAC  [Doc. No. 29] be **DENIED**.  Further, the

5  Court **DENIES** plaintiff's Request for a status update [Doc. No. 44].

## I. DISCUSSION

A.  <u>Defendants' Notice of Service Defect and Request for Dismissal</u>

8  On June 18, 2012, defendants filed a Notice of Service Defect requesting that plaintiff's FAC

9  be dismissed due to faulty service, process, and lack of personal jurisdiction. [Doc. No. 32] After

10  reviewing plaintiff's attempts to serve the individually named defendants [Doc. Nos. 21-24], there is

11  no evidence in the record to demonstrate that plaintiff complied with Rule 4(i)[2]. FED.R.CIV.P. 4(i).

12  Accordingly, defendants' request to dismiss plaintiff's FAC due to faulty service and lack of personal

13  jurisdiction should be **GRANTED**.

14  Plaintiff alleges that four individually named U.S. Border Patrol Agents violated his civil rights

15  under 42 U.S.C. § 1983.  Defendants argue that proper service of process in this case requires that

16  plaintiff serve the following: (1) the individuals; (2) the United States Attorney General ("USAG");

17  and, (3) the United States Attorney for the Southern District of California. FED.R.CIV.P. 4(e), (i).

18  Here, however, plaintiff only attempted to effect service by mail on the four agents [Doc. Nos. 21-24],

19  but not the USAG or the United States Attorney. Plaintiff's service by certified mail on these

20  individuals, and on the Office of General Counsel, United States Department of Homeland Security,

21  in Washington, DC constitute insufficient service of process.

22  Plaintiff's status as an incarcerated litigant proceeding *pro se* and *in forma pauperis* no doubt

23  led the Court to provide him with administrative assistance to effectuate service of the FAC. [Doc. No.

24  17] It did not, however, relieve plaintiff of his obligation to fully comply with Rule 4.  As stated in

25  Judge Anello's September 29, 2011 Order regarding service of the FAC:

26

27  [1] The Court construes defendants' Notice of Service Defect as a Motion to Dismiss.

28  [2] All references to rules will be to the Federal Rules of Civil Procedure, unless otherwise indicated.

On August 8, 2011, Plaintiff filed a First Amended Complaint ("FAC") and the Court found Plaintiff's claims sufficiently pleaded to survive the *sua sponte* screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). As such, the Court ordered the Clerk of Court to issue a summons as to Plaintiff's FAC [Doc. No. 10] upon Defendants and to forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. The Clerk mailed these documents to Plaintiff, together with a certified copy of the Court's August 16, 2011 Order [Doc. No. 12] and the Court's July 19, 2011 Order granting Plaintiff leave to proceed IFP, and certified copies of his First Amended Complaint and the summons for purposes of serving each Defendant ("IFP Package").

. . .

Upon receipt of the IFP Package, **Plaintiff is directed to complete the Form 285s as completely and accurately as possible**, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall serve a copy of the First Amended Complaint and summons upon each Defendant **as directed by Plaintiff** on each Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

[Doc. No. 17, pp. 1-2 (emphasis added)]

The September 29, 2011 Order afforded plaintiff with the administrative assistance of the Clerk of Court for making copies of the FAC, for provision of blank U.S. Marshal Forms, and for making copies of prior Orders. It also required that the IFP Packages, *once properly completed by plaintiff*, be served by the U.S. Marshal upon each individually named defendant "as directed by Plaintiff." [Doc. No. 17, pp 1-2] However, no evidence has been presented to this Court to demonstrate that plaintiff provided instructions on the Form 285s to allow for proper service of process in compliance with Rule 4.

Rule 4(i)(3), which governs service on officers and employees of the United States, requires the following:

**Officer or Employee Sued Individually**. To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

*Id.* As the defendants are not located in a foreign country (Rule 4(f)) and are not minors or incompetent (Rule 4(g)), Rule 4(e) is applicable. Rule 4(e) contains two subsections articulating acceptable methods of service, Rule 4(e)(1) and Rule 4(e)(2). Rule 4(e)(1) allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in

the state where the district court is located or where service is made."[3]  In the alternative, Rule 4(e)(2) requires that service on individually named defendants be effected in the following manner:

> (A) delivering a copy of the summons and of the complaint to the individual personally; [or]
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED.R.CIV.P. 4(e)(2).

Even assuming that plaintiff's service on the defendants by certified mail sufficed, which it does not, the applicable case law sets forth a higher standard for service of process in *Bivens*[4] actions.

---

[3] As the Southern District of California is located in California, the reach of Rule 4(e)(1) would include California law for serving a summons.  Here, the applicable California law can be found in California Code of Civil Procedure Section 415.20.  The Code states:

> (a) In lieu of personal delivery of a copy of the summons . . ., a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.
>
> (b) If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

[4] A *Bivens* action is a claim against federal officials, sued in their individual capacities, for a violation of a person's Constitutional rights. *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971). Here, in his FAC, plaintiff has sued each of four individual federal Border Patrol agents for alleged violations of his civil rights.  Accordingly, this qualifies as a *Bivens* action.

1  "More specifically, where money damages are sought through a *Bivens* claim, personal service, and

2  not service through the place of employment, is necessary to obtain jurisdiction over a defendant in

3  his capacity as an individual." *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987)(citing

4  *Micklus v. Carlson*, 632 F.2d 227, 240-41 (3d Cir. 1908)).  In his FAC against the four individual

5  agents, plaintiff seeks $20 million in general damages and an additional $20 million in punitive

6  damages, as well as injunctive relief to prevent the named defendants from continuing work as Border

7  Patrol agents.  As a case filed seeking damages pursuant to *Bivens v. Six Unknown Narcotics Agents*,

8  "personal service, and not service through the place of employment," is necessary to obtain jurisdiction

9  over these defendants in their capacities as an individuals. *Daly-Murphy*, 837 at 355.  In the 285 forms

10  prepared by plaintiff[5], he directed the U.S. Marshals Service to send the FAC to the defendants by

11  certified mail.  Service in this manner does not satisfy the requirements of Rule 4(e) or (i), or the

12  personal service requirement of *Daly-Murphy*.

13      Further, to complete service of process on the individually named employees pursuant to Rule

14  4(i)(3), plaintiff was required to serve the United States.  As Rule 4(i)(3) states:

15      To serve a United States officer or employee sued in an individual capacity for an
16      act or omission occurring in connection with duties performed on the United States'
    behalf (whether or not the officer or employee is also sued in an official capacity),
17      a party must [also] serve the United States . . . .

18  To serve the United States, Rule 4(i)(1) requires that the plaintiff serve both the United States Attorney

19  for the district where the action is brought, and the Attorney General of the United States. FED.R.CIV.P

20  4(i)(1)(A), (B).  As applied herein, plaintiff failed to serve both the U.S. Attorney and the U.S.

21  Attorney General.

22      Accordingly, because plaintiff's attempted service on the four named defendants was

23  insufficient, and he failed to serve the USAG or United States Attorney for the Southern District of

24  California as required by Rule 4(i)(1), defendants' request [Doc. No. 32] to dismiss based on faulty

25  service should be **GRANTED**.

26  _____

27      [5] Plaintiff was directed to complete Form 285s. [Doc. No. 17] Plaintiff completed four Form
285s, one for each individually named defendant (Charles Coy, Justin Glover, Jon Rauterkus, and John
28  Harris) and listed "U.S. Border Patrol, 311 Athey Avenue, San Diego, CA 92273" as the location to
which service was to be "sent." [Doc. Nos. 21-24] In doing so, it is evident that he intended to serve
the individuals by certified mail at their place of employment.

B. Plaintiff's Motion for Leave to Amend the FAC

On May 7, 2012, plaintiff filed a Motion for Leave to Amend the FAC, as well as requesting an update as to the status of his case. [Doc. No. 29] Considering the Court's above-recommendation to grant defendants' request to dismiss the FAC based on faulty service and lack of personal jurisdiction, plaintiff's Motion for Leave to Amend the FAC is moot. Accordingly, plaintiff's Motion to Amend [Doc. No. 29] should be **DENIED**.

C.      Motion for Status Proceedings

On November 13, 2012, plaintiff filed a Motion for Status Proceedings [Doc. No. 44], seeking an update on the status of his case. This Order serves as a status update for plaintiff. Accordingly, plaintiff's Motion for Status Proceeding [Doc. No. 44] is **DENIED as moot**.

## II.  CONCLUSION

For all of the above reasons, the Court **RECOMMENDS** that defendants' request to dismiss plaintiff's FAC due to faulty service [Doc. No. 32] be **GRANTED**, and that plaintiff's Motion to Amend the FAC [Doc. No. 29] be **DENIED WITHOUT PREJUDICE**. Further, the Court **DENIES** plaintiff's Motion for a status update [Doc. No. 44].

With respect to the recommendations made herein, this Report and Recommendation of the undersigned Magistrate Judge as set forth in Sections I(A) and I(B) above, is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

11cv840-MMA (KSC)

**IT IS ORDERED** that no later than <u>**30 days from issuance of this Order**</u>, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation Re: Dismissal of FAC."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than <u>**ten days after being served with the objections**</u>. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: February ____, 2013

KAREN S. CRAWFORD
United States Magistrate Judge

11cv840-MMA (KSC)