1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10   DAVID HARRERA-ROMAN,                    CASE NO. 11cv840-MMA (KSC)

11                              Plaintiff,   **ORDER  RE: REPORT &**
                                             **RECOMMENDATION OF UNITED**
12                                           **STATES MAGISTRATE JUDGE**

13        vs.                                [Doc. No. 49]

14                                           **FINDING AS MOOT PLAINTIFF'S**
                                             **MOTION TO AMEND FIRST**
15   JOHN HARRIS, et al.,                    **AMENDED COMPLAINT**

16                              Defendants.  [Doc. No. 29]

17

18        On April 20, 2011, David Harrera-Roman ("Plaintiff"), an inmate currently

19   incarcerated at the United States Penitentiary in Tucson, Arizona, and proceeding

20   *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, which the Court

21   liberally construed as an action filed pursuant to *Bivens v. Six Unknown Named Fed.*

22   *Narcotics Agents*, 403 U.S. 388 (1971).  On August 8, 2011, Plaintiff filed a First

23   Amended Complaint and the Court found Plaintiff's claims sufficiently pleaded to

24   survive the *sua sponte* screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

25   On May 7, 2012, Plaintiff filed a motion to amend his complaint and a request for a

26   status update.  *See* Doc. No. 29.  On June 18, 2012, Defendants filed a response to

27   Plaintiff's motion, which included a request to dismiss Plaintiff's First Amended

28   Complaint pursuant to Federal Rule of Civil Procedure 4(m).  *See* Doc. No. 32.  On

1  December 28, 2012, Plaintiff filed a Second Amended Complaint.  *See* Doc. No. 46.

2       Pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.3, on February 4,

3  2013, United States Magistrate Judge Karen S. Crawford issued a Report

4  recommending that Defendants' request for dismissal of the First Amended

5  Complaint for improper service be granted and Plaintiff's motion to amend his First

6  Amended Complaint be denied as moot.  *See* Doc. No. 49.  Plaintiff filed objections

7  to the Report and Recommendation.  *See* Doc. No. 50.

8  <u>**DISCUSSION**</u>

9       A district judge "may accept, reject, or modify the recommended disposition;

10  receive further evidence; or return the matter to the magistrate judge with

11  instructions" on a dispositive matter prepared by a magistrate judge proceeding

12  without the consent of the parties for all purposes.  Fed. R. Civ. P. 72(b); *see also* 28

13  U.S.C. § 636(b)(1).  An objecting party may "serve and file specific written

14  objections to the proposed findings and recommendations," and "a party may

15  respond to another party's objections."  Fed. R. Civ. P. 72(b).

16       In reviewing a report and recommendation, "the court shall make a *de novo*

17  determination of those portions of the report or specified proposed findings or

18  recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *United States*

19  *v. Raddatz*, 447 U.S. 667, 676 (1980) (when objections are made, the court must

20  make a de novo determination of the factual findings to which there are objections).

21  Plaintiff primarily objects to the magistrate judge's recommendation that his First

22  Amended Complaint be dismissed.

23       The Report and Recommendation contains a thoughtful analysis regarding

24  Plaintiff's failure to properly serve Defendants with his First Amended Complaint.

25  However, as mentioned above, Plaintiff has filed a Second Amended Complaint.  A

26  newly amended complaint supersedes the previously filed complaint.  *Forsyth v.*

27  *Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997).  "This rule is premised on the

28  notion that the 'amended complaint supersedes the original, the latter being treated

thereafter as non-existent.'" *Id*., citing *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Therefore, once a plaintiff files an amended complaint, the previous pleading no longer serves any function in the case.  Plaintiff's Second Amended Complaint supersedes his First Amended Complaint.  Because Defendants request dismissal of a non-operative pleading, the request is moot.  Likewise, Plaintiff's motion to amend his First Amended Complaint is moot based on the filing of his Second Amended Complaint.  And while the Court finds no fault with the magistrate judge's well-reasoned analysis regarding improper service, the Court must find as moot the recommendation that Plaintiff's First Amended Complaint be dismissed on those grounds.

### CONCLUSION

Based on the foregoing, the Court **FINDS AS MOOT** Defendants' request for dismissal of the First Amended Complaint and the magistrate judge's recommendation that the request be granted.  The Court further **FINDS AS MOOT** Plaintiff's motion to amend his First Amended Complaint.

**IT IS HEREBY ORDERED THAT** Defendants shall answer or otherwise respond to Plaintiff's Second Amended Complaint on or before ***March 29, 2013.*** Defense counsel is instructed to contact the Chambers of Judge Anello to obtain a hearing date prior to filing a motion to dismiss the Second Amended Complaint.

**IT IS SO ORDERED**.

DATED:  March 11, 2013

Hon. Michael M. Anello
United States District Judge