UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HARRERA-ROMAN,<br><br>            Plaintiff,<br><br>vs.<br><br>JOHN HARRIS, et al.,<br><br>            Defendants. | CASE NO. 11cv840-MMA (KSC)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE**;<br><br>[Doc. No. 54]<br><br>**DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SECOND AMENDED COMPLAINT PURSUANT TO Fed.R.Civ.P. 4(c)(3) & 28 U.S.C. § 1915(d)** |

  Defendants United States Border Patrol Agents John Harris, Jon P. Rauterkus, Justin W. Gloyer (erroneously identified as Justin W. Glover), and Charles C. Loy (erroneously identified as Charles C. Coy) (collectively "Defendants") move to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) for lack of personal jurisdiction and insufficient service of process. *See* Doc. No. 54. Plaintiff David Harrera-Roman ("Plaintiff") failed to file a timely response and the Court took the matter under submission without a hearing in accordance with Civil Local Rule 7.1.d.1. *See* Doc. No. 55. Thereafter, Plaintiff filed a "Request for Judicial Notice," in which he asserts that he did not file a response to the pending motion to dismiss because he was not served with the motion. *See* Doc. No. 56. For the reasons set forth below, the Court **DENIES**

1  Defendants' motion without prejudice and **DIRECTS** the United States Marshal to
2  effect service of Plaintiff's Second Amended Complaint.

### PROCEDURAL BACKGROUND

On April 20, 2011, Plaintiff, an inmate currently incarcerated at the United States Penitentiary in Tucson, Arizona, and proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1. The Court liberally construed Plaintiff's complaint as being brought pursuant to *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971). *See* Doc. No. 9. On August 8, 2011, Plaintiff filed a First Amended Complaint ("FAC"). *See* Doc. No. 10. The Court found Plaintiff's claims sufficiently pleaded to survive the *sua sponte* screening required by 28 U.S.C. §§ 1915(e)(2), 1915A(b), and directed the United States Marshal to effect service of the FAC. *See* Doc. Nos. 12, 17.

On May 7, 2012, Plaintiff filed a motion to amend his complaint and a request for a status update. *See* Doc. No. 29. On June 18, 2012, Defendants filed a response to Plaintiff's motion, which included a request to dismiss Plaintiff's FAC pursuant to Federal Rule of Civil Procedure 4(m) for improper service. *See* Doc. No. 32. On December 28, 2012, Plaintiff filed a Second Amended Complaint ("SAC").[1] *See* Doc. No. 46. On March 11, 2013, the Court ordered Defendants to answer or otherwise respond to Plaintiff's SAC. *See* Doc. No. 51. Defendants now move to dismiss the SAC. *See* Doc. No. 54. Defendants argue that Plaintiff never properly served the FAC and has not attempted service of the SAC. As such, Defendants argue that the Court lacks personal jurisdiction over them and the action should be

---

[1] A discrepancy order was issued, noting that Plaintiff did not have leave to amend and referencing the pending motion for leave to amend. *See* Doc. No. 45. However, the SAC was accepted for filing. *Id.* In other words, the SAC was filed with leave of court, as permitted by Federal Rule of Civil Procedure 15(a)(2). As this Court noted in its March 11, 2013 Order, once a newly amended complaint is filed, it supersedes the previously filed complaint and becomes the operative pleading. *See* Doc. No. 51, citing *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997).

dismissed.

## DISCUSSION

Because Plaintiff is proceeding *in forma pauperis* in this case, as noted above, he is entitled to have service effected by the United States Marshal with respect to the SAC. *See* Fed. R. Civ. P. 4(c)(2). However, it appears that a summons did not issue on the SAC, nor did Plaintiff receive an "IFP Package" after the SAC was filed. As such, Plaintiff, who is an incarcerated individual, has had no means by which to serve Defendants with the SAC.

Defendants are correct that Plaintiff's time for serving the SAC expired on April 29, 2013. *See* Fed. R. Civ. P. 4(m) (service within 120 days after complaint is filed). However, where a delay in service is attributable to the court clerk, such as is the case here, such delay constitutes "good cause" to avoid dismissal. *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990) ("[P]laintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure."); *see also, Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994). "The duty of the court to direct service and the duty of the appointed server to accomplish service through reasonable efforts is not discretionary. In cases like this, then, service is inevitable . . . The only question is how long that service will take and how much it will cost." *Lieberman v. Walker*, 2007 U.S. Dist. LEXIS 4059, 1-2 (C.D. Ill. 2007).

Accordingly, dismissal of this action is not appropriate and Plaintiff is entitled to rely on the United States Marshal to effect personal service of the SAC upon Defendants. *See Puett*, 912 F.2d at 275.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendants' motion to dismiss without prejudice. The Court hereby **INSTRUCTS** the United States Attorney's Office to provide the United States Marshal, in a confidential memorandum, with the

information necessary to personally serve Defendants.

Following the receipt of any available information for Defendants, the Court **DIRECTS** the United States Marshal to serve a copy of Plaintiff's Second Amended Complaint and summons upon Defendants pursuant to Federal Rule of Civil Procedure 4(i)(3).[2] Defendants' addresses should not appear on the U.S. Marshal Form 285s.

The Court further **DIRECTS** the United States Marshal to serve the United States pursuant to Federal Rule of Civil Procedure 4(i)(1).[3] All costs of service shall be advanced by the United States pursuant to the Court's Orders granting Plaintiff leave to proceed *in forma pauperis* and directing service pursuant to 28 U.S.C. § 1915(d) and Fed.R.Civ.P. 4(c)(3). *See* Doc. Nos. 9, 12.

**IT IS SO ORDERED**.

DATED:  May 22, 2013

Hon. Michael M. Anello
United States District Judge

---

[2] "To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3).

[3] "To serve the United States, a party must: (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought–or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk–or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and] (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1).