1

2

3

4

5

6

7

8       **UNITED STATES DISTRICT COURT**

9       **SOUTHERN DISTRICT OF CALIFORNIA**

10  DAVID HARRERA-ROMAN,                  | CASE NO. 11cv840-MMA (KSC)

11                              Plaintiff, | **ORDER DENYING DEFENDANTS'**
                                          | **MOTION TO DISMISS WITHOUT**
12                                        | **PREJUDICE;**

13      vs.                               | [Doc. No. 54]

14                                        | **DIRECTING U.S. MARSHAL TO**
                                          | **EFFECT SERVICE OF SECOND**
15  JOHN HARRIS, et al.,                  | **AMENDED COMPLAINT**
                                          | **PURSUANT TO Fed.R.Civ.P. 4(c)(3)**
16                             Defendants. | **&  28 U.S.C. § 1915(d)**

17

18       Defendants United States Border Patrol Agents John Harris, Jon P. Rauterkus,

19  Justin W. Gloyer (erroneously identified as Justin W. Glover), and Charles C. Loy

20  (erroneously identified as Charles C. Coy) (collectively "Defendants") move to

21  dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(2) and

22  12(b)(5) for lack of personal jurisdiction and insufficient service of process. *See*

23  Doc. No. 54.  Plaintiff David Harrera-Roman ("Plaintiff") failed to file a timely

24  response and the Court took the matter under submission without a hearing in

25  accordance with Civil Local Rule 7.1.d.1.  *See* Doc. No. 55.  Thereafter, Plaintiff

26  filed a "Request for Judicial Notice," in which he asserts that he did not file a

27  response to the pending motion to dismiss because he was not served with the

28  motion.  *See* Doc. No. 56.  For the reasons set forth below, the Court **DENIES**

- 1 -                                                    11cv840

1  Defendants' motion without prejudice and **DIRECTS** the United States Marshal to

2  effect service of Plaintiff's Second Amended Complaint.

3  **PROCEDURAL BACKGROUND**

4  On April 20, 2011, Plaintiff, an inmate currently incarcerated at the United

5  States Penitentiary in Tucson, Arizona, and proceeding *pro se* and *in forma*

6  *pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Doc. No.

7  1. The Court liberally construed Plaintiff's complaint as being brought pursuant to

8  *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971). *See*

9  Doc. No. 9. On August 8, 2011, Plaintiff filed a First Amended Complaint ("FAC").

10  *See* Doc. No. 10. The Court found Plaintiff's claims sufficiently pleaded to survive

11  the *sua sponte* screening required by 28 U.S.C. §§ 1915(e)(2), 1915A(b), and

12  directed the United States Marshal to effect service of the FAC. *See* Doc. Nos. 12,

13  17.

14  On May 7, 2012, Plaintiff filed a motion to amend his complaint and a request

15  for a status update. *See* Doc. No. 29. On June 18, 2012, Defendants filed a response

16  to Plaintiff's motion, which included a request to dismiss Plaintiff's FAC pursuant to

17  Federal Rule of Civil Procedure 4(m) for improper service. *See* Doc. No. 32. On

18  December 28, 2012, Plaintiff filed a Second Amended Complaint ("SAC").[1]

19  *See* Doc. No. 46. On March 11, 2013, the Court ordered Defendants to answer or

20  otherwise respond to Plaintiff's SAC. *See* Doc. No. 51. Defendants now move to

21  dismiss the SAC. *See* Doc. No. 54. Defendants argue that Plaintiff never properly

22  served the FAC and has not attempted service of the SAC. As such, Defendants

23  argue that the Court lacks personal jurisdiction over them and the action should be

24

25  [1] A discrepancy order was issued, noting that Plaintiff did not have leave to
26  amend and referencing the pending motion for leave to amend. *See* Doc. No. 45.
   However, the SAC was accepted for filing. *Id.* In other words, the SAC was filed with
27  leave of court, as permitted by Federal Rule of Civil Procedure 15(a)(2). As this Court
   noted in its March 11, 2013 Order, once a newly amended complaint is filed, it
28  supersedes the previously filed complaint and becomes the operative pleading.
   *See* Doc. No. 51, citing *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997).

- 2 -

1 | dismissed.

2 | **DISCUSSION**

3 | Because Plaintiff is proceeding *in forma pauperis* in this case, as noted above,

4 | he is entitled to have service effected by the United States Marshal with respect to

5 | the SAC.  *See* Fed. R. Civ. P. 4(c)(2).  However, it appears that a summons did not

6 | issue on the SAC, nor did Plaintiff receive an "IFP Package" after the SAC was

7 | filed.  As such, Plaintiff, who is an incarcerated individual, has had no means by

8 | which to serve Defendants with the SAC.

9 | Defendants are correct that Plaintiff's time for serving the SAC expired on

10 | April 29, 2013.  *See* Fed. R. Civ. P. 4(m) (service within 120 days after complaint is

11 | filed).  However, where a delay in service is attributable to the court clerk, such as is

12 | the case here, such delay constitutes "good cause" to avoid dismissal.  *Puett v.*

13 | *Blandford*, 912 F.2d 270, 273 (9th Cir. 1990) ("[P]laintiff should not be penalized by

14 | having his or her action dismissed for failure to effect service where the U.S.

15 | Marshal or the court clerk has failed to perform the duties required of each of them

16 | under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure."); *see*

17 | *also, Walker v. Sumner*, 14 F.3d 1415, 1422  (9th Cir. 1994).  "The duty of the court

18 | to direct service and the duty of the appointed server to accomplish service through

19 | reasonable efforts is not discretionary.  In cases like this, then, service is inevitable .

20 | . . The only question is how long that service will take and how much it will cost."

21 | *Lieberman v. Walker*, 2007 U.S. Dist. LEXIS 4059, 1-2 (C.D. Ill. 2007).

22 | Accordingly, dismissal of this action is not appropriate and Plaintiff is entitled

23 | to rely on the United States Marshal to effect personal service of the SAC  upon

24 | Defendants.  *See Puett*, 912 F.2d at 275.

25 | **CONCLUSION**

26 | Based on the foregoing, the Court **DENIES** Defendants' motion to dismiss

27 | without prejudice.  The Court hereby **INSTRUCTS** the United States Attorney's

28 | Office to provide the United States Marshal, in a confidential memorandum, with the

1  information necessary to personally serve Defendants.

2  Following the receipt of any available information for Defendants, the Court

3  **DIRECTS** the United States Marshal to serve a copy of Plaintiff's Second Amended

4  Complaint and summons upon Defendants pursuant to Federal Rule of Civil

5  Procedure 4(i)(3).[2]  Defendants' addresses should not appear on the U.S. Marshal

6  Form 285s.

7  The Court further **DIRECTS** the United States Marshal to serve the United

8  States pursuant to Federal Rule of Civil Procedure 4(i)(1).[3]  All costs of service shall

9  be advanced by the United States pursuant to the Court's Orders granting Plaintiff

10  leave to proceed *in forma pauperis* and directing service pursuant to 28 U.S.C. §

11  1915(d) and Fed.R.Civ.P. 4(c)(3).  *See* Doc. Nos. 9, 12.

12  **IT IS SO ORDERED**.

13  DATED:  May 22, 2013

14  Hon. Michael M. Anello
United States District Judge

15

16

17

18

19

20

21

22

23  [2]  "To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)."  Fed. R. Civ. P. 4(i)(3).

24

25

26  [3]  "To serve the United States, a party must: (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought–or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk–or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and] (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C."  Fed. R. Civ. P. 4(i)(1).

27

28